Erik A. Hernandez GARCIA,
Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 03–73922.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Erik A. Hernandez Garcia, Downey, CA, pro se.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Susan Houser, Esq. DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Erik Hernandez–Garcia, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming, without

opinion, the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252. We review de novo, *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002), and deny the petition for review.

■ Because Garcia did not, at the time of the hearing, have a qualifying spouse, parent or child, the Immigration Judge correctly determined that he was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *Molina–Estrada*, 293 F.3d at 1093–94. Garcia's equal protection claim is foreclosed by this court's decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection claim based on NACARA's more favorable treatment of individuals from certain designated countries).

■ In his opening brief on appeal, Garcia states that in 2004, he married a United States citizen and now has three qualifying relatives. We lack jurisdiction to consider Garcia's contentions regarding his changed circumstances because he failed to exhaust and the record does not contain a final order disposing of his motion to reopen. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) ("The Act limits our review to the 'administrative record upon which the deportation order is based and the Attorney General's findings of fact.' 8 U.S.C. § 1105a(a)(4).").

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.